**SO ORDERED.**

**SIGNED this 08 day of June, 2007.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

**IN RE:**

**SAMUEL EDWARD HAWKINS and**
**BRENDA KAYE HAWKINS,**

      **Debtors.**　　　　　　　　　　　　　**Case No. 06-03439-8-JRL**
_____

## ORDER

This case is before the court on the debtors' motion for sanctions against RBC Centura for violation of the automatic stay. On June 7, 2007, the court conducted a hearing on this matter in Wilson, North Carolina.

The debtors filed chapter 7 on October 26, 2006. At the time of filing bankruptcy the debtors listed a $2368 credit card debt for an account ending in 2334. Payments for that account were to be sent to BankCard Services P.O. Box Charlotte, NC 28201, and BankCard Services was sent notice of the bankruptcy. Shortly after filing the debtors began receiving collection calls from RBC Centura regarding the above account. The calls were received by the debtors up to three times a day, six days a week. On several occasions the male debtor informed RBC Centura of the bankruptcy filing, offered to provide the case number, and requested the collection calls stop. The calls continued to occur. In addition to the collection calls, the debtors also received monthly bills and demand letters from RBC

Centura regarding this account. The calls, bills, and demand letters have caused much distress to the debtors.

The debtors filed this motion on March 29, 2007. Shortly after filing the motion the collections calls ceased, but RBC Centura still continues to send monthly bills to the debtors. The most recent bill was received by the debtors in May 2007. RBC Centura did not file a response to the debtors' motion and did not appear in court to dispute its alleged conduct.[1]

The automatic stay went into effect immediately upon the filing of this bankruptcy case and prohibits all entities from "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case[.]" 11 U.S.C. § 362(a)(6). The Code provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1).

Based on the undisputed record, RBC Centura repeatedly placed collection calls and sent monthly bills and demand letters to the debtors after they filed bankruptcy. Additionally, the monthly bills continued even after RBC Centura was given notice of this motion. Such conduct is a willful and continuous violation of the automatic stay, and the debtors' motion for sanctions is allowed. RBC Centura is directed to pay sanctions in the amount of $3000 to the debtors. The payment must be paid within ten days from the date of this order and shall be mailed directly to the debtors.

**"END OF DOCUMENT"**

---

[1] The court sent notice of the debtors' motion and notice of this hearing to each address the court had on file for RBC Centura and BankCard Services.